IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| PHOEBE RENEE HALLIWELL, | ) | |
|---|---|---|
| a/k/a RONNY DARNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1152-D |
| | ) | |
| JOE ALLBAUCH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 16] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening of the Amended Complaint, Judge Erwin recommends a dismissal without prejudice for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983, and denial of Plaintiff's Motion for Appointment of Counsel [Doc. No. 4] and Motion for a Preliminary Injunction [Doc. No. 6].[1]

Plaintiff, who appears *pro se*, has filed a timely Objection [Doc. No. 19]. Although Plaintiff objects to Judge Erwin's finding that the Amended Complaint fails to state a plausible claim, she includes additional factual allegations in her argument and proposes changes to her pleading. *See*, *e.g.*, Obj. at 3 (stating Plaintiff "would like to

---

[1] Judge Erwin correctly refers to Plaintiff's operative pleading [Doc. No. 11-1] as the Amended Complaint, but the document is simply a signed version of the original Complaint [Doc. No. 1], submitted in response to an order to cure deficiencies [Doc. No. 10]. Like Judge Erwin, the Court will use feminine pronouns to refer to Plaintiff, an alleged transgender male who identifies as female.

remove Dr. Beard as a defendant"). Further, within the time period for making an objection (as extended by the Order of January 30, 2019), Plaintiff has submitted a Second Amended Complaint [Doc. No. 20]. If accepted, this pleading will supersede the original and render it of no legal effect. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991); *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc*., 793 F.3d 1177, 1180-81 (10th Cir. 2015).

Liberally construing Plaintiff's filings, the Court understands that although Plaintiff disagrees with Judge Erwin's conclusion that the Amended Complaint fails to state a § 1983 claim, she wishes to cure any deficiencies through amendment of her pleading. Notably, Judge Erwin recommends a dismissal without prejudice to amendment, and Rule 15(a) directs that district courts "should freely give leave [to amend] when justice so requires." *See* (a), Fed. R. Civ. P. 15(a)(2). Under the circumstances, the Court finds that Plaintiff should be authorized to file the Second Amended Complaint and that the case should be referred back to Judge Erwin for further proceedings. However, the Court also finds that Plaintiff's objections to the R&R should be addressed so that the case proceeds with the benefit of the Court's rulings on the issues presented.

Judge Erwin first concludes that Plaintiff's Eighth Amendment claim that she was denied medical care for gender dysphoria is inadequately pleaded. He finds that Plaintiff alleges a serious medical condition that satisfies the objective component of her claim. But he further finds that Plaintiff fails to allege the personal participation of any named defendant in the alleged conduct that prevented her from receiving medical treatment, and

fails to allege sufficient facts to satisfy the subjective component of deliberate indifference. *See* R&R at 9 ("Ms. Halliwell does not state that any of the named Defendants were responsible for altering her records or refusing her treatment"); *id*. at 10 (Plaintiff provides insufficient "information regarding how . . . each Defendant had exhibited deliberate indifference to her serious medical need").

Even though Plaintiff objects to this portion of the R&R, she does not seem to disagree that the Amended Complaint is deficient in these respects. She argues new facts to cure these deficiencies and includes these allegations in her amended pleading – for example, that Warden Byrd talked to Plaintiff about a threat to harm herself if she did not receive treatment for gender dysphoria (GD) but then refused to provide treatment. *See* Obj. at 4; Second Am. Compl. at 9. New factual allegations also fill gaps in her original pleading regarding the participation of Defendants – for example, that Dr. Hennenigan was instructed by Defendants Allbaugh, McCurdy, Honaker, and Jones to change Plaintiff's diagnosis and not treat her for GD, that Defendant Rashti prevented Plaintiff from communicating with Dr. Hennenigan, and that Defendants Rashti and Paine told Plaintiff to stop making sick call requests for GD treatment because none would be provided. *See* Second Am. Compl. at 5, 6, 9, 17. The Court therefore finds that Judge Erwin should assess the sufficiency of Plaintiff's amended pleading to state a plausible Eighth Amendment medical care claim.

Judge Erwin next finds Plaintiff's allegation that she was treated differently from other transgender inmates who received treatment, fails to state an equal protection claim.

3

Plaintiff objects to this conclusion and argues that she knows of two other inmates in the same prison where she is located (Cimarron Correctional Facility) who are receiving hormone replacement therapy for GD but she has been denied this treatment. Because Plaintiff's claim is not based on allegations of disparate treatment of a class of persons, she is asserting what is known as a "class of one" equal protection claim. *See A.M. v. Holmes*, 830 F.3d 1123, 1166-67 (10th Cir. 2016) (discussing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011). To state a plausible claim under this theory, Plaintiff must allege specific and detailed facts to "establish that others, similarly situated in every material respect, were treated differently" from Plaintiff. *A.M.*, 830 F.3d at 1167 (internal quotation omitted); *see Kan. Penn*, 656 F.3d at 1216-17. Plaintiff fails to satisfy this standard by simply alleging that two inmates have received a treatment for GD that she desires. Therefore, the Court finds that Plaintiff has failed to state a plausible equal protection claim.

Judge Erwin also finds Plaintiff's conclusory allegation that she experienced "unsafe conditions" is insufficient to state a separate Eighth Amendment claim based on her conditions of confinement. Although Plaintiff purports to object to this finding, she argues only that she has been denied adequate medical care. *See* Obj. at 5-6. She neither argues in her Objection nor alleges in the Second Amended Complaint any facts that would state a separate "conditions of confinement" claim. Thus, the Court agrees with Judge Erwin that Plaintiff asserts no Eighth Amendment claim other than the one claiming a denial of constitutionally adequate medical care.

Finally, Judge Erwin recommends the denial of Plaintiff's Motions if the Amended Complaint is dismissed. Regarding appointment of counsel, Judge Erwin presumably views Plaintiff as capable of articulating her claim and framing a sufficient pleading. The Court agrees. While appointment of counsel in § 1983 cases is permissible, it is a matter of discretion and appropriate for complex cases in which an inmate demonstrates he or she lacks the ability to present a meritorious claim. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Upon consideration of the relevant factors, *see Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), the Court finds that Plaintiff's request for counsel should be denied at this time, without prejudice to a future submission.

Similarly, Judge Erwin finds that Plaintiff has failed to justify her request for injunctive relief at this early stage of the case. Plaintiff objects on the ground that her Motion has obvious merit, and submits another copy as an attachment. *See* Obj., Ex. 1 [Doc. No. 19-1]. The Court cannot add significantly to Judge Erwin's explanation of why Plaintiff has failed to justify a mandatory injunction granting unspecified treatment for her alleged GD. Accordingly, for the reasons fully stated by Judge Erwin, the Court finds that Plaintiff's Motion for a TRO or a preliminary injunction should be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED as set forth herein. The Amended Complaint [Doc. No. 11-1] is DISMISSED with leave to amend. Plaintiff's Motion for Appointment of Counsel [Doc. No. 4] and Motion for a Preliminary Injunction [Doc. No. 6] are DENIED.

IT IS FURTHER ORDERED that Plaintiff is authorized to proceed with her Second Amended Complaint [Doc. No. 20], subject to the rulings stated in this Order, and that the case is re-referred to Judge Erwin for further proceedings consistent with the initial referral order [Doc. No. 9].

IT IS SO ORDERED this 12th day of March, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE