IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PHOEBE RENEE HALLIWELL, )
a/k/a RONNY DARNELL, )
                                  )
       Plaintiff, )
                                  )
v. )   Case No. CIV-18-1152-D
                                  )
JOE ALLBAUCH, *et al.*, )
                                  )
       Defendants. )

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 22] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon screening of the Second Amended Complaint, Judge Erwin recommends the disposition of certain claims for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983: dismiss without prejudice Plaintiff's Fourteenth Amendment equal protection claim; dismiss without prejudice Plaintiff's Eighth Amendment conditions of confinement claim; and dismiss with prejudice Plaintiff's Fourteenth Amendment due process claim. Judge Erwin finds, however, that the Second Amended Complaint states a plausible Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs against all Defendants, and recommends that the case proceed on this claim. *See* R&R at 16 (stating the Report does not terminate the prior referral).

Plaintiff, who appears *pro se*, has filed a timely written Objection [Doc. No. 24].[1] The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Although denominated an Objection, a careful examination of Plaintiff's filing reveals that she does not challenge any of Judge Erwin's findings and recommendations. Instead, Plaintiff affirmatively states she "would like to drop" each of the claims that Judge Erwin recommends be dismissed, and she "would like to continue her Eight Amendment Claim for deliberate indifference to Plaintiff's Serious Medical Needs against all seven Defendants." *See* Obj. at 1. Then, with respect to the claim on which she would like to proceed, Plaintiff quotes almost verbatim Judge Erwin's findings and conclusions regarding this claim as to each of the seven Defendants. *Compare* Obj. at 1-5 *with* R&R at 11-15. Thus, liberally construing Plaintiff's Objection, the Court finds that Plaintiff agrees with Judge Erwin's findings and recommendations and, therefore, Plaintiff has waived further review of all issues addressed in the Report.[2]

---

[1] Actually, Plaintiff filed two objections that are identical except the first-filed one lacks a signature. *See* Pl's Obj. [Doc. No. 23] at 8. The first filing is disregarded because it is defective (unsigned) and because the second filing cured the defect and was timely filed within the deadline for objecting to the R&R.

[2] The court of appeals has adopted a "firm waiver" rule that requires a timely and specific objection to preserve an issue for *de novo* review by the district court. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Also, Plaintiff's notice that she wishes to dismiss certain claims operates as a dismissal of those claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (filing pursuant to Rule 41(a)(1) operates as a dismissal; "no action is required on the part of the court"); *see also De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 22] is ADOPTED in its entirety. The Second Amended Complaint [Doc. No. 20] is DISMISSED as to all claims except Plaintiff's § 1983 claim of deliberate indifference to serious medical needs.

IT IS FURTHER ORDERED that Plaintiff's renewed Motion for Appointment of Counsel [Doc. No. 25] is referred to Judge Erwin for consideration, as appropriate, in further proceedings.[3]

IT IS SO ORDERED this 14th day of May, 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Earlier in the case, Plaintiff filed a similar motion [Doc. No. 4]. With respect to that motion, the Court found "that Plaintiff's request for counsel should be denied at this time, without prejudice to a future submission." *See* 3/12/19 Order [Doc. No. 21] at 5. The renewed motion was filed contemporaneously with Plaintiff's Objection, and has not been considered by Judge Erwin.