IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHOEBE RENEE HALLIWELL, ) | |
|     a/k/a RONNY DARNELL ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-1152-D |
| ) | |
| JOE ALLBAUGH, et al., ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Phoebe Renee Halliwell has filed a motion seeking a preliminary injunction and temporary restraining order (TRO) (ECF No. 26). In the motion, Ms. Halliwell states that she suffers from Gender Dysphoria (GD) and requests that the Court order Defendants to "carry out [a] Plan of Treatment by a qualified Transgender Specialist" by providing Plaintiff with either: (1) hormone therapy or (2) consultation with a qualified physician to evaluate and treat her condition. (ECF Nos. 26:1 & 26-5:4).

## MS. HALLIWELL IS NOT ENTITLED TO
## A PRELIMINARY INJUNCTION OR TRO

Ms. Halliwell has not provided the Court with any information that she has served the Second Amended Complaint upon Defendants, and thus appears to be seeking a TRO without notice pursuant to Fed. R. Civ. P. 65(b)(1). Pursuant to Fed. R. Civ. P. 65(b), a TRO may be entered on an emergency basis in order to prevent "immediate and irreparable injury, loss or damage" from occurring before the opposing party can be heard. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers*

*Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) ("Ex party temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") (internal citation omitted). Likewise, "[T]he limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held ...." *Schrier v. Univ. Of Co.,* 427 F.3d 1253, 1258 (10th Cir. 2005) (citation omitted).

To obtain a preliminary injunction or TRO, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Gen. Motors Corp. v. Urban Gorilla, L.L.C.,* 500 F.3d 1222, 1226 (10th Cir. 2007). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers,* 321 F.3d 1250, 1256 (10th Cir. 2003).

Some types of preliminary injunctions are disfavored and, thus, courts require more of the parties who request them. *See Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019). Disfavored preliminary injunctions do not merely preserve the parties' relative positions pending trial. *Id.* Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action

(rather than prohibiting it); (2) it changes the status quo; or (3) it grants all the relief that the moving party could expect from a trial win. *Id.* "To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: She must make a 'strong showing' that these tilt in her favor." *Id.*

A ruling that a plaintiff has a strong "likelihood of success on the merits" is based on the evidence the plaintiff intends to present at trial. *McDonnell v. City & Cty. of Denver*, 878 F.3d 1247, 1253 (10th Cir. 2018). In her motion for preliminary injunction and TRO, Ms. Halliwell has stated that she is likely to succeed on the merits because Defendants have "intentionally interfer[ed] with Medical Treatment once prescribed." (ECF No. 26:3). In support of her claim, Plaintiff has submitted: (1) a record from the Oklahoma Department of Corrections which references an October 15, 2013 diagnosis of GD and (2) a March 30, 2012 medical record from James Crabtree Correctional Center which diagnosed Plaintiff as being "transgender." (ECF No. 26-2 & 26-3). But this evidence does not support Plaintiff's claim that Defendants in this case have intentionally withheld treatment for Plaintiff's GD. Accordingly, the Court should conclude that at this stage, Ms. Halliwell has failed to make a "strong" showing that she would likely succeed on the merits of her Eighth Amendment claim.

Although the analysis can end at this stage, it is worth noting that Ms. Halliwell has also not met her burden of demonstrating that the requested injunctive relief is not adverse to the public interest—the relevant public interest here being deference to prison

officials' proper administration of their prison facilities. A federal court considering a motion for injunctive relief affecting the conditions of a prisoner's confinement must give substantial weight to the adverse impact on public safety and on prison operation. 18 U.S.C. § 3626(a)(2); *Stephens v. Jones*, 494 F. App'x 906, 911-12 (10th Cir. 2012). The Supreme Court has declared that courts are not to substitute their judgment on matters of institutional administration for the determinations made by prison officials. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987). Accordingly, courts hesitate to interfere with prison officials' decisions concerning the day-to-day administration of prisons, to which deference must be accorded unless they violate the Constitution or federal law. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987).

Even if Plaintiff ultimately succeeded on her constitutional claims, the assertions in her motion do not justify the Court immediately mandating that Plaintiff's requested medical treatment be undertaken, which would interfere with prison management. Granting the relief Plaintiff seeks would require this Court to intrude directly into the affairs of state prison administration, which for important policy reasons, is a step that courts should be reluctant to take. *See Turner*, 482 U.S. at 84-86.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the forgoing reasons, the Court should **DENY** Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order **(ECF No. 26)**.

Plaintiff is hereby advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the

4

District Court by **June 27, 2019**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral.

ENTERED on June 10, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE