IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PHOEBE RENEE HALLIWELL, )
   a/k/a RONNY DARNELL )
 )
  Plaintiff, )
 )
v. ) Case No. CIV-18-1152-D
 )
JOE ALLBAUGH, et al., )
 )
  Defendants. )

## ORDER

Before the Court are four motions submitted by Plaintiff:

1. ECF No. 25, "Motion for Appointment of Counsel;"

2. ECF No. 39, "Motion for Appointment of Counsel;"

3. ECF No. 35, "Motion to Proceed as Administrative Remedies Already Exhausted;" and

4. ECF No. 37, "Motion for Extension of Time."

The Court: **DENIES** ECF Nos. 25, 39, & 35, and **GRANTS** ECF No. 37.

### ECF Nos. 25 & 39

In ECF Nos. 25 & 39, Ms. Halliwell has requested appointment of counsel and in ECF No. 40, she has filed a brief in support. (ECF Nos. 25 & 39). Both motions are **DENIED**.

Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only "request" an attorney to take the case. Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1); see Mills v. Fischer, 645 F.3d 176, 177 n.3 (2d Cir. 2011) ("A district court is empowered only to 'request' an attorney to represent an [in forma pauperis] plaintiff, §

1915(e)(1), but case law commonly refers to the arrangement as 'appointed' counsel."); *see generally Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989) (interpreting similar statutory language, in an earlier version of the statute, to prohibit "coercive appointments of counsel").

In addition to the discretionary nature of court-appointed counsel in § 1983 cases, several other factors are relevant: (1) the merits of the claims, (2) the nature of the claims, (3) plaintiff's ability to present the claims, and (4) the complexity of the issues. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). As noted by the Tenth Circuit Court of Appeals in *Rachel*,

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like Mr. Rachel. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Id.*

The Court has considered the factors and circumstances of this case bearing on the need for counsel. In support of her motions, Plaintiff states: (1) she is unable to afford counsel, (2) the issues involved in the case are complex, (3) she has limited access to the law library, (4) the case will involve issues of conflicting testimony, (5) she lacks legal training, (6) the case is meritorious, and (7) she has tried to obtain counsel on her own, but has been unsuccessful. (ECF Nos. 25, 39, 40). Through her filings in this action, Plaintiff has demonstrated that she is capable of presenting her claims and arguments to

the Court as pertinent to this stage in the proceedings. Therefore, Plaintiff's requests for appointment of counsel are **DENIED** without prejudice to her ability to request counsel at some later stage in these proceedings, if appropriate.

**ECF No. 35**

Plaintiff has filed ECF No. 35 which she titles "Motion to Proceed as Administrative Remedies Already Exhausted." (ECF No. 35). As an attachment to the motion, Plaintiff provides copies of a "Request to Staff," an "Inmate/Offender Grievance," and correspondence from Defendant Byrd returning the grievance, unanswered, because it was not timely filed. (ECF No. 35-1). Plaintiff argues that her grievance was not untimely, but in an abundance of caution, she filed a request to file an appeal out of time, which she states was also returned to her, unanswered, although she attaches no proof of the same. (ECF No. 35:3). Apparently, Plaintiff believes that the return of her request to file an appeal out of time has been done in an attempt to thwart her exhaustion efforts. *See* ECF No. 35:3 (Plaintiff's statements that individuals at "Cimarron Correctional Facility (CCF) and (ODOC) are hindering her from Exhausting her Administrative Remedies any further.") On this basis, Ms. Halliwell requests that the Court find that Plaintiff has exhausted her administrative remedies. The Court **DENIES** Plaintiff's request.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). However, exhaustion is an affirmative defense, to be raised by the defendant(s), rather than plead and/or demonstrated by the plaintiff in the complaint. *Jones,* 549 U.S. at 211-220. Although Plaintiff is attempting to pre-empt any exhaustion argument Defendants

3

might make, the attempt is premature, as the Defendants have neither been served, nor raised the issue of exhaustion. If and when Defendants are served and raise the issue of exhaustion, Plaintiff may re-argue her position. At this time, however, **ECF No. 35** is **DENIED**.

### ECF No. 37

In **ECF No. 37**, Ms. Halliwell has requested an extension of time to complete service on the seven Defendants. (ECF No. 37). The Court **GRANTS** this request. Previously, the Court *sua sponte* extended Plaintiff's service time to July 5, 2019. *See* ECF No. 36. In the current motion, Plaintiff requests an extension of time to complete service, until August 5, 2019, stating that she never received a filed-stamped copy of the Second Amended Complaint (ECF No. 20) from the Court Clerk, copies of which are required to properly complete service. Therefore, the Court: (1) orders the Court Clerk's office to send Ms. Halliwell a copy of ECF No. 20 and (2) extends Plaintiff's service deadline until **August 5, 2019**.

ENTERED on July 12, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE