IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PHOEBE RENEE HALLIWELL, a/k/a RONNY DARNELL, <br><br>Plaintiff,<br><br>v.<br><br>JOE ALLBAUCH, *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-18-1152-D |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 33] issued by United States Magistrate Judge Shon T. Erwin on June 10, 2019, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends the denial of Plaintiff's Motion [Doc. No. 26] seeking a preliminary injunction or temporary restraining order (TRO).

Plaintiff, who appears *pro se*, has filed a timely Objection [Doc. No. 41] and a Declaration [Doc. No. 42] that is apparently intended to provide evidentiary support for her Motion and to overcome Judge Erwin's finding that Plaintiff "has failed to make a 'strong' showing that she would likely succeed on the merits of her Eighth Amendment claim" regarding denial of medical treatment for gender dysphoria. *See* R&R at 3 (using standard for disfavored injunctions, *see Free the Nipple v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019)). The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the

recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, the Court ordinarily does not consider new matter presented for the first time in objection to a magistrate's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

Upon *de novo* consideration of the issue of whether Plaintiff is entitled to injunctive relief, the Court first finds that the specific TRO or injunction sought by the Motion is unclear from Plaintiff's *pro se* filing. The Motion consists of a collection of papers (*see* Doc. No. 26 and attachments 1 through 5), and the Motion itself states only that "Plaintiff seeks a [TRO] and a Preliminary Injunction to ensure that she receives proper Medical Care." *See* Mot. [Doc. No. 26] at 1. In her Objection, Plaintiff disagrees with Judge Erwin's statement of the requested relief; she relies on language in a proposed "Order to Show Cause" [Doc. No. 26-4] to argue that she seeks an order directing Defendants "to have Plaintiff be evaluated by an outside Transgender Specialist who is qualified in the field of Transsexualism, and diagnosis of Gender Dysphoria (GD), to be properly diagnosed, and then to provide Plaintiff with the Hormone Replacement Therapy (HRT) to treat Plaintiff's Gender Dysphoria." *See* Obj. at 1 (quoting Order to Show Cause). The Court accepts Plaintiff's clarification of the proposed relief.

The Court next finds that Plaintiff seems to agree with Judge Erwin's finding that her Motion should be treated as one for a TRO without notice to Defendants pursuant to Fed. R. Civ. P. 65(b)(1)(A). *See* R&R at 1; Obj. at 1-2. At the time of the Motion, and

when Judge Erwin issued his Report, Defendants had not been served with process. In any event, the procedural label is largely immaterial because the same general standard of decision governs either a TRO or a preliminary injunction. *See Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998); *see also Tooele Cty. v. United States*, 820 F.3d 1183, 1187 (10th Cir. 2016) (TRO's "and preliminary injunctions differ in how long they can last"). The more important procedural fact is the nature of the requested relief, that is, whether it would merely preserve the status quo or whether it would alter the status quo or mandate action by the adverse party. There is no question that Plaintiff seeks the latter type of disfavored injunction, which requires a heightened showing of a strong likelihood of success on the merits and a strong balance of harms in her favor. *See Free the Nipple*, 916 F.3d at 797; *O Centro Espirita Beneficente Uniao Do Vegtal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004) (en banc), *aff'd sub nom.*, 546 U.S. 418 (2006).

Turning to this issue, the Court finds that Plaintiff has failed to make the requisite showing. Plaintiff's verified Amended Complaint [Doc. No. 20] and her Declarations [Doc. Nos. 26-5 and 42] tend to show she has GD, it is a serious medical condition, and Defendants have denied her medical treatment for it. Specifically, Plaintiff contends several prison doctors have diagnosed her with GD but Defendants have caused her prison medical records to be altered to remove the diagnosis and have prevented her from receiving any treatment.[1] These allegations, even accepted as true, do not provide a

---

[1] Plaintiff alleges that other inmates diagnosed with GD are receiving the treatment she desires (hormone therapy) at the same facility where she is confined.

strong showing that Plaintiff is entitled to the TRO she seeks – that is, "that the balance of equities tips in [her] favor." *See Att'y Gen. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (internal quotation omitted). Plaintiff's requested relief does not fit the harm allegedly caused by Defendants' conduct in violation of § 1983.

If Plaintiff proves her allegations, appropriate injunctive relief might include an order to correct her medical records and allow a doctor to treat her condition. In contrast, Plaintiff seeks an order requiring Defendants to arrange an outside, independent medical examination by a transgender specialist and to provide a specific medical treatment. Even proving her § 1983 claim will not necessarily result in such relief. *See Druley v. Patton*, 601 F. App'x 632, 635 (10th Cir. 2015) (unpublished) (transgender inmate did not show likelihood of success on § 1983 claim by showing she was not receiving hormone therapy for GD recommended by published standards of care);[2] *see also Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (inmate's claim "that he was denied treatment by a specialist is insufficient to establish a constitutional violation") (internal quotation omitted). Therefore, the Court finds that Plaintiff's Motion for a TRO should be denied.[3]

---

[2] Unpublished opinions are cited in this Order pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[3] In addition to the requirements of Rule 65, the Court is mindful of additional limitations on injunctions affecting prisons. In relevant part, 18 U.S.C. § 3626(a)(2) provides: "In any civil action with respect to prison conditions," any "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *See Stephens v. Jones*, 494 F. App'x 906, 911-12 (10th Cir. 2012) (unpublished) (district court properly found state prisoner's requested injunction "would have run afoul of the statutory requirements of 18 U.S.C. § 3626(a)(2)").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 33] is ADOPTED in its entirety. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Doc. No. 26] is DENIED.

IT IS SO ORDERED this 7th day of August, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge